**FILED**

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DEC - 8 2009

DAVID CREWS, CLERK

By _____
Deputy

COURT FILE NO.: 1:09CV295-P-D

| | |
|---|---|
| Teresa Johnson and David Johnson, | |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Hollis Cobb Associates, Inc.; Franklin Collection Service, Inc ; Revenue Assurance Professionals; | |
| Defendants. | **JURY TRIAL DEMANDED** |

## JURISDICTION

1.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.  Venue is proper in this District because a substantial part of the acts at issue occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Teresa Johnson is a natural person who resides in Alcorn County, Mississippi, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.  Plaintiff David Johnson is a natural person who resides in Alcorn County, Mississippi, is the husband of Plaintiff Teresa Johnson, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.  Defendant Hollis Cobb Associates, Inc. (hereinafter "Defendant Hollis Cobb") is a collection agency operating from an address of 4366 Park Drive, Norcross, GA 30093, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.  Defendant Revenue Assurance Professionals (hereinafter "Defendant RAP") is a collection agency operating from an address of 2650 Thousand Oaks Blvd, Suite 4200, Memphis, TN 38118, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.  Defendant Franklin Collection Service, Inc. (hereinafter "Defendant Franklin") is a collection agency operating from an address of 2978 West Jackson Street, Tupelo, MS 38801, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.  Due to repeated illnesses, including Plaintiff David Johnson's battle with cancer, the Plaintiffs incurred debts between 2000 and the date of the filing of this Complaint. These debts were incurred exclusively for personal, household or family purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

10. At some time in the intervening period, all or a portion of those debts, primarily bills from medical care providers, were placed with the Defendants in this matter for collection from these Plaintiffs.

### Collection Efforts of Defendant Hollis Cobb

11. On or about August 28, 2009, Defendant Hollis Cobb telephoned Plaintiffs' residence using an auto dialer and prerecorded message that stated. "This is Autumn calling from

the law office of Brent D. Stamps. Please return my call at (866) 947-5972. Press 0 for a live attendant."

12. The caller identification read out for the call indicated that the call was made from Hollis Cobb Associates, not the law office of Brent D. Stamps.

13. At no time did the caller state that the call was made in an attempt to collect a debt.

14. When Plaintiff Teresa Johnson attempted to press "0" to be connected to a live representative, the line went dead.

15. On every occasion that Plaintiff Teresa Johnson attempted to return the call to the number provided, she was unable to reach a live representative.

16. Plaintiffs received identical messages on September 2, 9, 11, 16, 18, 25, 30 and October 7, 13, 16, 23, and 29, 2009.

17. Upon information and belief, the calls did not originate from the Law Office of Brent D. Stamps, but were rather made by Defendant Hollis Cobb, which misrepresented itself as an attorney's office in order to intimidate or frighten Plaintiffs and in violation of the provisions of the FDCPA.

18. Each and every one of the above-referenced calls made by Defendant Hollis Cobb were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

**Collection Efforts of Defendant RAP**

19. On or about September 10, 2009, Defendant RAP called Plaintiffs' residence and left a message that stated "Hi, my name is Chris. This is not a telemarketing call. In need to speak to you about a business matter. Please call 1-800-489-4890."

20.    At no time during the message did the caller identify the name of the organization making the call or that it was a call made in an attempt to collect a debt.

21.    When Plaintiff Teresa Johnson called the number provided, she reached the office voice mail of Defendant RAP.

22.    Plaintiffs received identical calls on at least three other occasions, including September 14, 16 and 24, 2009.

23.    Each and every one of the above-referenced calls made by Defendant RAP were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### Collection Efforts of Defendant Franklin

24.    On or about June 2009, Defendant Franklin sent a letter to Plaintiff David Johnson demanding payment for a $137.00 medical bill.  Subsequently, Defendant Franklin made several calls to the Plaintiffs' residence in an effort to collect this debt.

25.    On August 24, 2009, an agent of Defendant Franklin who identified herself as Ms. Lee called Plaintiffs and spoke to Plaintiff Teresa Johnson.  Ms. Lee asked for David Johnson, and Plaintiff Teresa Johnson informed her that he was ill after receiving a cancer treatment and was in bed.

26.    Ms. Lee then demanded that Plaintiff Teresa Johnson "take care of this $137.00 today." When Plaintiff Teresa Johnson explained that she didn't have the money to do so, Ms. Lee told Plaintiff Teresa Johnson that if payment weren't made, she would "have a lien put on (the Plaintiffs') house."

27.    Plaintiff Teresa Johnson then asked if Ms. Lee could really have a lien placed on her house over a $137.00 debt she wasn't even sure she and her husband owed.  Ms. Lee

responded that Defendant Franklin could do so and would do so if payment weren't made.

28.     Ms. Lee then told Plaintiff Teresa Johnson that Defendant Franklin had an account outstanding for her, and that the amount of that debt was $1,247.57. Plaintiff Teresa Johnson told her that Plaintiffs did not have the money to pay that debt at the present time.

29.     Ms. Lee then became abusive and sarcastic. She asked Plaintiff Teresa Johnson how, if she didn't have any money, she was "paying for that phone you are on right now, anyway?"

30.     When Plaintiff asked Ms. Lee what she was talking about, Ms. Lee repeated the question again.

31.     On October 12, 2009, Plaintiff called Defendant Franklin to determine the status of her accounts, as she had received phone messages from Defendant Franklin requesting she contact Defendant Franklin.

32.     During the October 12, 2009, conversation, Plaintiff Teresa Johnson spoke to an agent of Defendant Franklin who identified herself as Brandy.

33.     Brandy informed Plaintiff Teresa Johnson that among the accounts Defendant Franklin was attempting to collect from Plaintiff Teresa Johnson was a debt allegedly owed to Morgan Cardiology, which debt had been incurred on June 28, 2006.

34.     Brandy also told Plaintiff Teresa Johnson that the $137.00 debt Defendant Franklin was trying to collect from Plaintiff David Johnson was a debt allegedly owed to a health care provider and had been incurred on April 14, 2003.

35. The above-referenced letters and calls were "communications" in an attempt collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

36. At all times relevant, Plaintiffs have resided in the state of Mississippi, the accounts upon which Defendant Franklin has attempted to collect from Plaintiffs were associated with medical services rendered in Mississippi, and any dispute related to the accounts is to be construed pursuant to the laws of the State of Mississippi.

37. Pursuant to Mississippi law, the statute of limitations for bringing suit to collect on a private debt such as the ones at issue here is three years. Miss. Code Ann. §15-1-29. Furthermore, "the completion of the period of limitation prescribed to bar any action shall defeat and extinguish the right as well as the remedy." Miss. Code Ann. §15-1-3.

### *Summary*

38. The above-described collection activities by Defendant Hollis Cobb constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(3), 1692e(10), 1692e(11), 1692e(14) and 1692f, among others.

39. The above-described collection activities by Defendant RAP constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(10), 1692e(11) and 1692f, among others.

40. The above-described collection activities by Defendant Franklin constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692f and 1692f(1), among others.

### **TRIAL BY JURY**

41. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable. US Const. amend. 7; Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

42.    Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each Plaintiff.

44.    As a result of Defendants' violations of the FDCPA, each Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) from each Defendant; each Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) from each Defendant; and, each Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against each and every Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for each Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for each Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §

  1692k(a)(3) against each and every Defendant and for each Plaintiff;

Respectfully submitted,

Dated: November 24, 2009

**DEAS & DEAS, LLC**

By: **/s/W. Lawrence Deas**
W. Lawrence Deas, Esq.
AL BAR NO. 3989-A43D
P.O. Box 7282
Tupelo, MS 38802
Telephone: (662)842-4546
Facsimile: (662)842-5449
LDeas@AOL.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSISSIPPI    )
                           )
COUNTY OF Acorn      )

Plaintiff Teresa Johnson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Teresa Johnson
TERESA JOHNSON

Subscribed and sworn to before me
this _____ day of November, 2009.

Joe Caldwell  By: Crystal Stanley PC
Notary Public

**MY COMMISSION EXPIRES 1-1-2012**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSISSIPPI       )
                                   )
COUNTY OF ACORN        )

Plaintiff David Johnson, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_David Johnson_
DAVID JOHNSON

Subscribed and sworn to before me
this ____ day of November, 2009.

_Joe Caldwell By: Crystal Starling DC_
Notary Public

MY COMMISSION EXPIRES 1-1-2012

-10-